IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH L. D'ALESSANDRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-545-GMS |
| | ) |
| STATE OF DELAWARE, | ) |
| SUPREME COURT OF | ) |
| DELAWARE, E. NORMAN | ) |
| VEASEY, RANDY J. HOLLAND, | ) |
| CAROLYN BERGER, MYRON T. | ) |
| STEELE, JACK B. JACOBS, | ) |
| DELAWARE STATE BAR | ) |
| ASSOCIATION, and BOARD OF | ) |
| THE UNAUTHORIZED | ) |
| PRACTICE OF LAW, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Joseph L. D'Alessandro ("D'Alessandro") brings this action pursuant to 42 U.S.C. § 1983

alleging that the State of Delaware, the Supreme Court of Delaware and its justices, the Delaware

Bar Association, and the Board of the Unauthorized Practice of Law violated his constitutional

rights. He appears *pro se* and moves the court for leave to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915. (D.I. 1.) The motion for leave to proceed *in forma pauperis* is GRANTED.

The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

For the reasons discussed below, pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint is

dismissed without prejudice as frivolous.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

D'Alessandro is a frequent litigant in this district. He has filed numerous lawsuits all

relating to underlying actions brought against LL Bean in 2001 and 2002. *D'Alessandro v. LL Bean, Inc.,* Civ. No. 01-623-CMR (D.Del.); *D'Alessandro v. LL Bean, Inc.,* Civ. No. 02-077-JCJ (D.Del.). Despite repeated dismissals, D'Alessandro keeps on filing actions. Indeed, this is the second time that D'Alessandro has sued E. Norman Veasey, Randy J. Holland, Carolyn Berger, Myron T. Steele, Jack B. Jacobs, the Delaware State Bar Association, and the Board of the Unauthorized Practice of Law. See *D'Alessandro v. United States,* Civ. No. 03-1040-JPF (D. Del. June 22, 2004). The case was dismissed on June 22, 2004, for a variety of reasons ranging from immunity of judges to failure to state a claim. Unfortunately, the court does not have before it a copy of that complaint to compare it with the complaint now pending.

D'Alessandro alleges violations of the first, fifth, eighth, ninth, and fourteenth amendments of the U.S. Constitution. He alleges he had a constitutional right to assist, help and/or represent his wife, Olga D'Alessandro, in Civil Case No. 01-623-CMR. D'Alessandro appears to allege that he sought to represent his wife in the court proceedings and was prohibited from doing so. D'Alessandro alleges that his wife was incompetent, and that when he sought a power of attorney to represent her, it was denied. He alleges there was a conspiracy to deny him the power of attorney.

Suit is brought against the defendants in their "capacity as a judge in the Delaware Supreme Court." (D.I. 2 (A)). D'Alessandro alleges that the Supreme Court and its justices do not have judicial immunity because they "broke federal law and statutes." He also alleges that the Delaware Supreme Court, the Delaware Bar Association and the Board on the Unauthorized Practice of Law do not have the authority to pass or enact any laws. Finally, he alleges that the Delaware State Bar Association does not govern him or "alike citizens" and that there is no state

or federal law prohibiting him from proceeding *pro se.*

D'Alessandro seeks declaratory relief and punitive damages.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as D'Alessandro proceeds *pro se*, the court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III.   ANALYSIS

### A.    Eleventh Amendment Immunity

D'Alessandro brings suit against the State of Delaware, the Supreme Court of Delaware, and the Board of the Unauthorized Practice of Law. The Board of the Unauthorized Practice of

Law is an arm of the Supreme Court of Delaware. *In re Arons,* 756 A.2d 867, 868 (Del. 2000). "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir. 1981)(citing *Alabama v. Pugh,* 438 U.S. 781 (1978)(*per curiam*)). The State of Delaware has not waived its sovereign immunity under the eleventh amendment. *See Ospina v. Dep't of Corr.,* 749 F.Supp. 572, 579 (D.Del. 1990). Consequently, D'Alessandro's claims against the State of Delaware, the Supreme Court of Delaware, and the Board of the Unauthorized Practice of Law have no arguable basis in law or in fact. They are, therefore, frivolous and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B.    Judicial Immunity**

D'Alessandro's claims against the justices of the Delaware Supreme Court also fail. Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco,* 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id.* at 11-12. The complaint contains no allegations that the justices either acted outside the scope of their judicial capacity, or in the absence of their jurisdiction. *Mireles,* 502 U.S. at 11. D'Alessandro makes only the general allegations that the justices violated state and federal law, yet he also states that suit is brought against the justices in their capacity as judges for the Delaware Supreme Court.

The Delaware Supreme Court justices are immune from suit for monetary liability under 42 U.S.C. § 1983. Accordingly, D'Alessandro's claims lack an arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## C.  State Actors

D'Alessandro also brings suit against the Delaware State Bar Association, apparently on the basis that it did not allow him to represent his wife in court proceedings[1]. The Delaware State Bar Association is a Delaware corporation. *See Delaware State Bar Ass'n v. Alexander* 386 A.2d 652 (Del.1978); *Princess Hotels Intern., Inc. v. Delaware State Bar Ass'n,* No. 95C-01-062. 1998 WL 283465, (Del. Super., Mar 10, 1998).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)) (overruled in part on other grounds *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. As noted above, the Delaware State Bar Association is a Delaware corporation whose members are comprised of licensed attorneys. It is not a state agency; nor are its members state employees. Because the Delaware State Bar Association is not "clothed with the authority of state law," D'Alessandro fails to state a § 1983 claim against it. *See Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004).

D'Alessandro's § 1983 claim against the Delaware Bar Association has no

---

[1]Delaware law clearly prohibits the unauthorized practice of law, and D'Alessandro does not allege that he is a licensed attorney. *See Delaware State Bar Ass'n v. Alexander*, 386 A.2d 652, 661 (Del.), *cert. denied,*439 U.S. 808 (1978).

arguable basis in law or in fact and is dismissed as frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B).

## IV. CONCLUSION

For the above stated reasons the court finds that the complaint is factually and legally

frivolous. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

March __7__, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH L. D'ALESSANDRO,          )
                                 )
              Plaintiff,         )
                                 )
       v.                        )  Civ. No. 05-545-GMS
                                 )
STATE OF DELAWARE, et al.,       )
                                 )
              Defendants.        )

## ORDER

At Wilmington this _7th_ day of March, 2006, for the reasons set forth in the

Memorandum issued this date;

1.     The motion for leave to proceed *in forma pauperis* (D.I. 1) is GRANTED.

2.     The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B) as frivolous.


UNITED STATES DISTRICT JUDGE